# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 7. Mediation Questionnaire

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form07instructions.pdf*

**9th Cir. Case Number(s)**  19-35802

**Case Name**  Gloria Mitchell v. Winco Foods, LLC

**Counsel submitting this form**
Patrick H. Peluso
Woodrow & Peluso, LLC

**Represented party/parties**
Plaintiff-Appellant Gloria Mitchell

*Briefly describe the dispute that gave rise to this lawsuit.*

In or around April 2015, Plaintiff-Appellant Mitchell applied for a job with WinCo using WinCo's online application. Shortly thereafter WinCo hired her as a deli clerk at WinCo's Lewisville, Texas store. During the application process, Mitchell was presented with an FCRA disclosure and authorization form that was riddled with extraneous information, to the point that Winco's consumer report disclosure form failed to stand alone. Mitchell filed her Complaint on February 18, 2016, alleging serial violation of the Fair Credit Reporting Act (FCRA) and seeking statutory damages.

*Feedback or questions about this form? Email us at* *forms@ca9.uscourts.gov*

*Briefly describe the result below and the main issues on appeal.*

After a previous appeal of a dismissal, which was affirmed in part, vacated in part, and remanded to permit amendment on November 29, 2018 (Case No. 17-35998), Mitchell filed her second Amended Complaint on January 25, 2019, and WinCo moved again to dismiss on February 21, 2019, arguing that it had not violated the FCRA, willfully or otherwise. The district court granted the motion in part on May 9, 2019, finding that WinCo had violated the FCRA but had not done so willfully. Mitchell moved to certify the issue for immediate appeal on May 24, 2019, but the District of Idaho denied the motion, entered judgment in WinCo's favor, and dismissed the case in its entirety on August 21, 2019, facilitating the present appeal.

The main issue on appeal is whether the district court erred in concluding that WinCo did not willfully violate the FCRA by combining a consumer report disclosure with an investigative consumer report disclosure, despite the FCRA's requirement that consumer report disclosures be provided in a document that consists "solely" of the disclosure.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

The parties were previously before the Ninth Circuit on appeal for a prior dismissal based on standing: Case No. 17-35998.

This case bears some factual similarity to another case before the Ninth Circuit, Walker v. Fred Meyer, Inc. (Case No. 18-35592), which has been argued and was taken under advisement. Both cases involve the combination of consumer report disclosures with investigative consumer report disclosures.

**Signature** s/Patrick H. Peluso     **Date** 9/25/2019

(use "s/[typed name]" to sign electronically-filed documents)

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

**Form 7**                                2                              Rev. 12/01/2018